UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOIS NEMETH,

    Plaintiff,

Case No. 08-cv-15326

Paul D. Borman
United States District Judge

v.

Virginia M. Morgan
United States Magistrate Judge

CITIZENS FINANCIAL GROUP, INC.,
d/b/a CHARTER ONE BANK,

    Defendant.
_____/

OPINION AND ORDER
(1) AFFIRMING THE MAGISTRATE JUDGE'S JULY 6, 2010 ORDER GRANTING
DEFENDANT'S MOTION TO SET CALENDAR DATES (DKT. NO. 27);
(2) REJECTING PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION (DKT. NO. 30); AND
(3) DENYING DEFENDANT'S MOTION FOR FEES AND COSTS

Before the Court are Plaintiff's July 20, 2010 Objections (Dkt. No. 30) to Magistrate Judge Morgan's July 6, 2010 Order Granting Defendant's Motion to Set Calendar Dates (Dkt. No. 27). Defendant has filed a response to Plaintiff's Objections. (Dkt. No. 31). Having reviewed the matter pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), the Court AFFIRMS the Magistrate Judge's Order and REJECTS Plaintiff's objections.

I.     BACKGROUND

On June 4, 2009, this Court entered a Scheduling Order setting the date for the close of discovery as December 1, 2009 and setting January 10, 2010 as the dispositive motion cut-off date.

(Dkt. No. 13.) On December 2, 2009, Magistrate Judge Morgan issued an Order extending the close of discovery to February 1, 2010. (Dkt. No. 20.) Magistrate Judge Morgan's December 2, 2009 Order did not adjust the January 10, 2010 dispositive motion cut-off date, which obviously was no longer operative in view of the extension of the close of discovery beyond that date.

On March 23, 2010, case manager Denise Goodine sent an email to counsel of record indicating that the dispositive motion cut-off date had expired and requesting that the parties file a stipulation and order setting a new date. (Dkt. No. 26, Pl.'s Resp. to Def.'s Mot. to Set Calendar Dates, Ex. 1.) On June 16, 2010, Defendant filed a motion to set calender dates, requesting that the Court set July 16, 2010 as the new dispositive motion cut-off date. On July 6, 2010, Magistrate Judge Morgan granted that motion. (Dkt. No. 27.) Plaintiff now objects to the Magistrate Judge's Order.

## II. STANDARD OF REVIEW

The standard of review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's non-dispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision whether or not to award sanctions under Fed. R. Civ. P. 26(g) is reviewed under an "abuse of discretion" standard. *McHugh v. Olympia Entertainment, Inc.*, 37 F. App'x. 730, 741 (6th Cir. May 28, 2002) (unpublished).

**III. ANALYSIS**

Plaintiff argues in her objections that Defendant has failed to abide by case management deadlines. In fact, on June 16, 2010, when Defendant filed its motion to set calendar dates, requesting a July 16, 2010 dispositive motion cut-off date, there was no logically operative case management deadline for filing motions for summary judgment. In fact, Plaintiff states that she had agreed to a dispositive motion cut-off date of June 18, 2010. (Pl.'s Resp. to Def.'s Mot. to Set Calendar Dates, Dkt. No. 26, 11.) Sometime in March, Plaintiff proposed that the parties engage in mediation. (*Id.*) For the next three months, the parties engaged in some form of settlement discussions, although Plaintiff questions Defendant's good faith efforts to resolve the matter. As Defendant pointed out in its motion, there currently is no trial date set in this matter. Magistrate Judge Morgan granted Defendant's motion and set the dispositive motion cut-off date for July 16, 2010.

In accordance with Magistrate Judge Morgan's July 6, 2010 Order, Defendants filed their summary judgment motion on July 16, 2010. On July 19, 2010, the Court issued a notice of hearing and briefing schedule for Defendant's motion for summary judgment. (Dkt. No. 29.) In compliance with that schedule, on August 16, 2010, Plaintiff filed a 33-page response which the Court declined to entertain due its excessive length. (Aug. 17, 2010 Text Only Order Denying Motion for Leave to File Excess Pages.) Plaintiff then filed, on August 24, 2010, a revised responsive brief which exceeded the page limitation by one page. (Dkt. No. 34.) The Court granted Plaintiff's renewed motion to exceed the page limit. (Aug. 24, 2010 Text Only Order Granting Renewed Motion to Exceed Page Limitation.) On September 7, 2010, Defendant filed a Reply. (Dkt. No. 38.) Due to the Court's internal calendar, the motion is currently scheduled to be heard on February 16, 2011.

The Court concludes that Magistrate Judge Morgan's Order was not clearly erroneous or contrary to law. Both parties have argued to the Court that this case involves a voluminous factual record. Plaintiff in fact cited the extensive record in this case as justification for her first-filed 33-page responsive summary judgment brief. It also appears to the Court that the parties did engage in some efforts to resolve this matter during the hiatus between the close of discovery on February 16, 2010 and the Defendant's June 16, 2010 request to set a July 16, 2010 dispositive motion deadline. Additionally, Plaintiff states that she proposed a June 18, 2010 deadline and now suggests that the extra month sought by Defendant goes beyond all acceptable standards for the granting of such relief. The Court disagrees and finds that the Magistrate Judge's decision to grant Defendant's motion to set a July 16, 2010 dispositive motion cut-off date was not clearly erroneous or contrary to law.

The Court will deny Defendant's request for fees and costs but notes that this is a matter that should have been resolved between the parties and should not have necessitated this Court's intervention. The parties have been advised before that they should make greater efforts to cooperate on such matters. (Order Granting Plaintiff's Motion to Compel and Extending Discovery Until February 1, 2010, Dkt. No. 20.)

Accordingly, the Court AFFIRMS Magistrate Judge Morgan's July 6, 2010 Order Granting Defendant's Motion to Set Calendar Dates, REJECTS Plaintiff's Objections to the Magistrate Judge's Order and DENIES Defendant's motion for costs and fees.

IT IS SO ORDERED.

Dated: October 5, 2010                S/Paul D. Borman
                                                          PAUL D. BORMAN
                                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 5, 2010.

                                                S/Denise Goodine
                                                Case Manager