UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOIS NEMETH,

        Plaintiff,                          Case Number: 2:08-cv-15326

v.

                                             Paul D. Borman
CITIZENS FINANCIAL GROUP, INC.         United States District Judge
d/b/a CHARTER ONE BANK,

        Defendant.

_____/

<u>OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION (DKT. NO. 48) AND (2) DENYING AS MOOT DEFENDANT'S
MOTION TO REOPEN PLAINTIFF'S DEPOSITION (DKT. NO. 51)</u>

This matter is before the Court on Defendant's motion to reconsider portions of the Court's June 24, 2011 Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. (Mot. Recon. Dkt. No. 48.) Subsequent to filing the Motion for Reconsideration, the parties submitted to the Court a Stipulated Order for Substitution of Counsel, in which Cardelle Spangler of the law firm Winston & Strawn and Jason P. Klingensmith of the law firm Dickinson & Wright, withdrew as attorneys of record for Defendant and Maurice G. Jenkins, Marlo Johnson Roebuck and Tiffany Buckley-Norwood of the law firm Jackson Lewis LLP were substituted in their place as attorneys for Defendant. (Dkt. No. 55, Stipulated Order.)

On September 15, 2011, this Court issued an Order requiring new substituted counsel to inform the Court whether they intended to proceed with the previously-filed motion for reconsideration. On October 3, 2011, Defendant's new counsel filed a Notice of Intent to Adopt or

1

Proceed (Dkt. No. 59), indicating that they intended to adopt, and proceed with, only two of the arguments presented in the motion for reconsideration.[1] It is those two arguments that the Court addresses in this Opinion and Order.

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich.2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

---

[1] In its September 15, 2011 Order requiring a response from new substituted counsel for Defendant, the Court also inquired whether new counsel intended to proceed with the Motion to Reopen Plaintiff's Deposition, filed by previous counsel for Defendant on August 12, 2011. (Dkt. No. 51.) New counsel has indicated that they do not intend to adopt, or proceed to urge the Court to rule on, the motion to reopen Plaintiff's deposition. (Dkt. No. 59.) Accordingly, the Court DENIES Defendant's motion to reopen Plaintiff's deposition (Dkt. No. 51) as MOOT.

### III. ANALYSIS

Defendant's motion for reconsideration, including the two arguments that new counsel have decided to adopt, does nothing more than ask the Court to take a second look at issues and arguments that the Court has already considered and rejected. "[M]ere disagreement with the Court's resolution of these issues – much less the Court's chosen analytical approach to resolving these issues – does not, under local Rule 7.1(g)(3), provide a basis for the Court to revisit its ruling." *Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 305 (E.D. Mich. 2010). Motions for reconsideration are not appropriate vehicles for such "re-hashing" of previously asserted and rejected arguments.

#### A. Defendant has not Demonstrated a Palpable Error in the Court's Ruling that Plaintiff has Presented Sufficient Evidence to Establish a *Prima Facie* Case of Retaliation

Defendant re-argues, with respect to Plaintiff's retaliation claim, that "Plaintiff's speculative and argumentative proffer of largely inadmissible evidence led to a palpable defect with respect to the Court's ruling." (Notice of Intent to Adopt, Dkt. No. 59, 2.) In support, Defendant directs the Court to the Sixth Circuit's unpublished opinion in *Findley v. United Parcel Service*, 433 F. App'x 391 (6th Cir. 2011). *Findley* represents neither a change in the applicable law nor support for the argument that the Court committed palpable error in its prior finding that Plaintiff has met her evidentiary burden at this summary judgment stage with respect to her claim of retaliation. Nothing in *Findley* purports to diminish the Sixth Circuit's opinion in *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 588 (6th Cir. 2009), where the court stated that "all the plaintiff must do [to establish a *prima facie* case of retaliation] is put forth some credible evidence that enables the court to deduce that there is a causal connection between the protected activity and the retaliatory action." Defendant argues that *Findley* requires "something more" than mere temporal proximity. But Plaintiff in the

3

instant case does not rest her causation argument on temporal proximity alone, as the Court pointed out in detail in its Opinion and Order. The following facts, among others discussed by the Court in its prior Opinion and Order, constitute "credible evidence" which, when coupled with the temporal proximity of the adverse actions, permit a reasonable deduction of a causal connection:

- Plaintiff complained to Felici, Larsen, Minghine and Mazur about the account closures generally and, in some instances, specifically referred to discrimination. (Dkt. No. 46, Op. and Order, 34.)
- Although not personally involved, Plaintiff was questioned about Cartegena's phone call to Fish about discrimination against branch customers, which caused some degree of upheaval and resulted in a branch-wide meeting to review Bank procedures. (Dkt. No. 46, Op. and Order, 34-35.)

The Court views the facts, as it must at the summary judgment stage, in the light most favorable to the Plaintiff. Although Plaintiff's testimony on these issues may be contradicted, it is not the role of the Court to weigh the evidence but only to find that sufficient evidence exists to create a genuine issue of material fact. Unlike *Findley*, and importantly unlike *Garg v. Macomb Cnty. Cmty. Mental Health Servs.*, 472 Mich. 263 (2005), on which *Findley* relies for the proposition that something more than coincidence in time must be shown, there is credible evidence in the instant case from which a reasonable juror could conclude that Defendant was aware of Plaintiff's oppositional activity at the time that they terminated Plaintiff. Defendant's motion for reconsideration has not demonstrated palpable error in the Court's finding that Plaintiff has met her evidentiary burden with respect to her *prima facie* case of retaliation.

**B. Defendant has not Demonstrated a Palpable Error in the Court's Ruling that Plaintiff has Presented Sufficient Evidence to Raise a Question of Fact as to Pretext**

Like the issue of causation, the issue of pretext was addressed extensively by the Court in its Opinion and Order and Defendant's motion for reconsideration merely rehashes arguments

4

previously discussed and rejected by the Court. (Dkt. No. 46, Op. and Order, 17-26.) In order to find that Defendant's decision to terminate plaintiff was actually motivated by discriminatory animus, and not by the stated legitimate business reasons, Plaintiff must establish "that the sheer weight of the circumstantial evidence makes it "more likely than not" that [defendant's] explanation is a pretext, or a coverup." *Bhama v. Mercy Memorial Hosp. Corp.*, 416 F. App'x 542, 554 (6th Cir. 2011). In its Opinion and Order, the Court discussed the totality of the evidence presented by Plaintiff to support her claim that her failure to cooperate in the investigation, or her alleged job abandonment, did not actually motivate the decision to terminate her. The Court concludes that genuine issues of material fact remain over whether Plaintiff's termination was based at least in part on the results of the investigation and further issues of fact remain as to whether the investigation results were based on discriminatory animus.

Viewing the facts in the light most favorable to the Plaintiff, as the Court is required to do at this summary judgment stage, the following testimony, among other facts discussed by the Court in its prior Opinion and Order, presents sufficient evidence of pretext at this summary judgment stage:

- Plaintiff testified that after her interview, Plaintiff was coerced by Gardin to make several changes to her statement until it contained admissions that satisfied Gardin;
- Gardin confirmed that she directed Plaintiff to redraft her statement and that Plaintiff asked Gardin "what she had to do to get out of [the interview]" which lasted over seven hours;
- Jeffrey Six testified that when Gardin interviewed him, Gardin asked many questions about whether Plaintiff was an Arab and whether she had an Iraqi boyfriend, talking very little about the accusations in the letter that allegedly prompted the investigation and focusing more on "the whole Arab-American thing and the Iraqi boyfriend;"
- Akram Turk also testified that Gardin asked him questions about Plaintiff's association with her Iraqi boyfriend;
- Kelly Schaefer, one of the decision makers, testified that the decision to terminate Plaintiff was based at least in part on the results of the investigation.

5

Based on these facts, the Court finds that a reasonable juror could conclude that Plaintiff's association with and sympathies for Arab Americans were the motivating factors in her termination, rather than the proffered reason that she failed to cooperate in the investigation into her alleged fraudulent activities. As the Court held in its Opinion and Order, these facts sufficiently raise a genuine issue of fact, on which reasonable minds could differ, regarding whether Gardin was motivated by discriminatory animus and whether the decision to terminate Plaintiff was based in part on Gardin's report following the investigation. Pretext can be shown through evidence that the purported reason for an adverse employment action had no basis in fact, was not the actual reason for the adverse action or was insufficient to motivate the adverse action. *Curry v. SBC Communications, Inc.*, 669 F. Supp. 2d 805, 828 (E.D. Mich. 2009). Additionally, an employer may be held liable for unlawful discrimination if the ultimate adverse employment action is based on the discriminatory animus or bias of another employee, even if that employee is not the ultimate decision maker. *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (2011). Because there is evidence from which a reasonable jury could conclude that the decision to terminate Plaintiff was based in part on the results of the investigation, and because there is evidence on which a reasonable jury could conclude that Gardin was motivated by discriminatory animus in reporting the results of her investigation, the Court concludes that, viewing the facts in the light most favorable to the Plaintiff, Plaintiff has presented sufficient evidence to create a genuine issue of material fact regarding pretext. Defendant's motion for reconsideration has demonstrated no palpable defect in the Court's finding on pretext.

### III. CONCLUSION

Defendant's motion for reconsideration has not demonstrated palpable error in the Court's

findings (1) that Plaintiff has met her evidentiary burden with respect to her *prima facie* case of retaliation and (2) that Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to pretext. Accordingly, the Court DENIES Defendant's motion for reconsideration.

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATED DISTRICT JUDGE

Dated: 12-20-11