UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOIS NEMETH,

        Plaintiff,

        Case No. 08-cv-15326

        Paul D. Borman
v.        United States District Judge

CITIZENS FINANCIAL GROUP, d/b/a
CHARTER ONE BANK,

        Defendants.
_____/

<u>OPINION AND ORDER
(1) DENYING CHARTER ONE'S MOTION *IN LIMINE* FOR AN ORDER DISMISSING
PLAINTIFF'S CLAIMS FOR DAMAGES AND DENYING WITHOUT PREJUDICE
CHARTER ONE'S MOTION PRECLUDING PLAINTIFF FROM INTRODUCING EITHER
EVIDENCE OR ATTORNEY STATEMENTS RELATIVE TO HER
DAMAGES BEYOND APRIL 26, 2011 (ECF NO. 65); and
(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION *IN LIMINE*
REGARDING 2011 LETTERS (ECF NO. 73)</u>

This matter is before the Court on (1) Defendant's Motion *in Limine* for an Order Dismissing Plaintiff's Clams for Damages, or in the Alternative, Precluding Plaintiff From Introducing Either Evidence or Attorney Statements Relative to Her Damages Beyond April 26, 2011 (ECF No. 65) and (2) Plaintiff's Motion *in Limine* Re: 2011 Letters. (ECF No. 73.) Plaintiff filed a response to Defendant's motion (ECF No. 80) and Defendant filed a reply (ECF No. 83). Defendant filed a response to Plaintiff's motion (ECF No. 77) and Plaintiff filed a reply (ECF No. 87.) The Court held a hearing on both motions on August 1, 2012. For the reasons that follow, the Court DENIES Charter One's motion to dismiss Plaintiff's claims for damages and DENIES WITHOUT

1

PREJUDICE Charter One's motion to preclude evidence relative to damages beyond April 26, 2011 and DENIES WITHOUT PREJUDICE Plaintiff's motion *in limine* regarding the 2011 Letters.

I.   **BACKGROUND**

Plaintiff Lois Nemeth ("Plaintiff" or "Nemeth") claims that Defendant Citizens Financial Group d/b/a Charter One Bank ("Charter One"), unlawfully discriminated and retaliated against her on account of her association with and advocacy on behalf of Arab-Americans in violation of Title VII, 42 U.S.C. § 200e-2(a), and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws. § 37.2202(a).  On June 24, 2012, this Court granted in part and denied in part Defendant's motion for summary judgment, granting the motion regarding Plaintiff's hostile work environment claim but denying the motion on all remaining claims. (ECF No. 46.)

Following the close of discovery in this case, indeed while the Defendant's motion for reconsideration of this Court's ruling on summary judgment was pending, Charter One filed a motion to reopen discovery based upon its discovery of evidence that Plaintiff allegedly had contacted a former bank customer in early 2011 in an effort to extort money by threatening to disclose the customer's personal information that Plaintiff obtained through her position with Charter One. (ECF No. 51, Motion to Reopen Plaintiff's Deposition.)  The newly-discovered evidence included several letters, some of which were alleged to have been authored by Plaintiff and others that were written by proposed Defense witness, Norbert T. Madison, who represented the bank customer, "Mr. G." (ECF No. 51, Exs. A-C, the "2011 Letters.")

The 2011 Letters include the following: (1) an April 26, 2011 Letter from attorney Norbert T. Madison, Jr. to the Chief Legal Officer and Chief Risk Officer at Charter One (then Citizens) on behalf of Mr. Madison's client, a former customer of the bank, explaining that his client had received

2

a number of letters from Plaintiff threatening to disclose alleged wrongdoings committed by his client and utilizing in the letters his client's personal information including his home address, birth date and social security, all of which Mr. Madison alleged Plaintiff acquired while an employee of the bank, and threatening to hold Charter One liable if Plaintiff wrongfully utilized his client's personal information; (2) an April 26, 2011 Letter from Mr. Madison to Charter One's legal counsel, K.C. Peterson, enclosing redacted copies of 4 (four) Letters sent to his client by Plaintiff and a copy of a January 21, 2011 Letter from Mr. Madison to Plaintiff instructing Plaintiff to cease and desist in her letters and demands to his client; (3) a May 26, 2011 Letter from Charter One to Plaintiff explaining receipt of the correspondence from Mr. Madison, reminding Plaintiff of the Bank's Code of Conduct prohibiting disclosure of confidential customer information and informing Plaintiff that the bank would be conducting an investigation into the accusations made by Mr. Madison on behalf of his client. (ECF No. 77, Def.'s Resp. to Plaintiff's Motion *in Limine* Re 2011 Letters Exs. 3, 4.)

The redacted Letters allegedly sent by Plaintiff include the customer's social security number and other personal information and threaten to expose the customer with this "private info" and with knowledge of an unspecified but allegedly "hideous alteration of the truth" in which both the customer and Plaintiff presumably were involved. In an August 23, 2011 Affidavit filed in this Court in response to Charter One's motion to reopen her deposition based upon receipt of the 2011 Letters, Plaintiff admits that she did obtain Mr. G's personal information in the course of her employment with Charter One, that she had in her possession a piece of paper with some of that personal information that was included in a box of documents that she was sent after her termination containing the contents of her desk. (*Id.* Ex. 5.) The Affidavit does not deny that Plaintiff possessed the information or that she sent the Letters but states that Plaintiff never shared the customer's

3

personal information with any third party. *Id.*

On September 15, 2011, following the Court's ruling on Defendant's motion for summary judgment, Winston & Strawn withdrew as Charter One's counsel and Jackson Lewis LLP substituted in their place as counsel for the Defendant. (ECF No. 55, Stipulated Order to Substitute Counsel.) In response to an inquiry from the Court, Jackson Lewis opted not to proceed with the motion to reopen Plaintiff's deposition. (ECF No. 59, Defendant's Notice of Intent to Adopt or Proceed.) As a result, the parties never engaged in additional discovery regarding the 2011 Letters. Nonetheless, Charter One still seeks to introduce evidence regarding the 2011 Letters at trial, claiming that the evidence is relevant to Charter One's "after-acquired evidence" defense, which Charter One asserts bars Plaintiff from obtaining front pay and limits her claim for back pay. Charter One also claims that the evidence is relevant to Plaintiff's claim for emotional distress damages. Finally, Charter One claims that the 2011 Letters are admissible for impeachment purposes as bearing on Plaintiff's character for truthfulness.

Charter One has filed a motion *in limine* for an order dismissing Plaintiff's damage claim for damages based on her failure to mitigate or, alternatively, precluding Plaintiff from introducing evidence of damages beyond April 26, 2011, the date on which Charter One claims it would have dismissed Plaintiff based upon its receipt of "after-acquired evidence," i.e. the 2011 Letters. (ECF No. 65.) Plaintiff has filed a motion *in limine*, seeking to exclude (1) any reference to the 2011 Letters, (2) the testimony of Norbert Madison, Jr. about the alleged Letters, and (3) any exhibits containing or referring to the 2011 Letters, including but not limited to Defendant's proposed exhibits 536, 537 and 538 (ECF No. 73.) Because these two motions are interrelated, the Court will address them together in this Order.

4

## II.  LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions *in limine*-in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1991).

## III.  ANALYSIS

### A.  Charter One's Motion *in Limine* Regarding Limitation of Damages

Charter One claims in its motion *in limine* that (1) the Court should prevent Plaintiff from introducing any evidence relating to damages because she has failed or refused to mitigate her damages, or alternatively that (2) the Court should preclude Plaintiff from introducing evidence of any damages beyond April 26, 2011, based on Charter One's assertion of the after-acquired evidence defense. Plaintiff responds that Charter One has not moved to amend its Answer to assert either the affirmative defense of failure to mitigate or after-acquired evidence, and should be precluded from doing so now. Plaintiff further responds that Charter One has failed to carry its burden on the failure to mitigate defense and argues that the after-acquired evidence defense does not apply to Plaintiff's alleged post-termination conduct. Plaintiff finally argues that even if the after-acquired evidence defense applies to Plaintiff's alleged wrongdoing, the evidence on which Charter One purports to rely in support of the defense is inadmissible.

5

> **1.   The Court will permit Charter One to amend its Answer to assert the affirmative defenses of failure to mitigate and after-acquired evidence but will continue the trial for one month to give the parties an opportunity for limited discovery solely related to the after-acquired evidence defense and will deny without prejudice Charter One's motion to preclude Plaintiff from introducing evidence of damages beyond April 26, 2011.**

It should be no great surprise to Plaintiff that Charter One plans to assert that Plaintiff has failed to mitigate damages or that Charter One intends to rely on the after-acquired evidence defense to limit Plaintiff's damages. The Court observes that Charter One has reserved the right to Amend its Answer to assert any other defenses that may become available to it through the course of the litigation. (ECF No. 9, Answer to Complaint 10.)

Plaintiff's failure to mitigate was the subject of specific discovery requests answered by Plaintiff in October, 2009 and was explored by counsel at Plaintiff's deposition on January 21, 2010. (ECF No. 65, Def.'s Mot. to Limit Damages, Exs. 2, 3.) Additionally, this defense was the express subject of correspondence between counsel at least as early as January 24, 2012. (ECF No. 83, Def.'s Reply in Support of Mot. to Limit Damages, Ex. 7). This defense clearly has been in play since very early on in the case and the parties have had ample opportunity to conduct discovery on this issue. There is no significant prejudice to Plaintiff in Charter One's formally amending its Answer at this stage to assert the failure to mitigate defense.

The issues presented by Charter One's assertion of the affirmative defense of after-acquired evidence were the subject of extensive briefing on Charter One's earlier-filed motion to reopen Plaintiff's deposition for the express purpose of developing the evidence related to this defense. (ECF Nos. 51, 53, 54.) The 2011 Letters were disclosed in that motion and Plaintiff had the opportunity to address the allegations made in the motion, which Plaintiff did in her affidavit

6

attached to her response to the motion. (ECF No. 53, Ex. A, Aug. 23, 2011 Affidavit of Lois Nemeth.) Although substitute counsel ultimately decided not to pursue the motion to reopen Plaintiff's deposition, this was not an indication that Charter One no longer intended to pursue the theory as an affirmative defense. Indeed, Charter One continued to request that Plaintiff comply with Charter One's outstanding discovery requests and produce the "confidential customer information" that Plaintiff admitted to possessing in her Affidavit filed in response to the motion to reopen her deposition. Although it appears that Charter One has not yet filed a motion to compel production of this document or documents, clearly the form in which this information was kept by Plaintiff is significant to an after-acquired evidence defense.

The Court will permit Charter One to amend its Answer to assert the after-acquired evidence defense. The Court finds that the subject matter of the defense, i.e. the 2011 Letters, are no surprise to Plaintiff. Indeed, the issue of whether Charter One should be permitted to assert the defense has largely been addressed in the parties' briefing on the earlier-filed motion to re-open Plaintiff's deposition based on the Letters. In that motion, Charter One expressly stated its anticipation that it would be asserting the defense.

The Court also finds that the nature of the misconduct that is subject matter of the 2011 Letters, and the fact that the alleged misconduct is directly related to Plaintiff's duties and obligations both as an employee and ex-employee of Charter One, militate in favor of permitting Charter One to amend its Answer to assert the defense. The Court also notes the somewhat special circumstance of Winston Strawn's withdrawal from the case at or about the time that the 2011 Letters surfaced, and Jackson Lewis's decision not to proceed with the re-opening of Plaintiff's deposition to explore the 2011 Letters, and to evaluate the bases for asserting the defense; a decision

Jackson Lewis was compelled to make before counsel perhaps had time to fully appreciate the background of the litigation.

On the other hand, the Court is sympathetic to Plaintiff's plea that forcing her to go to trial without targeted discovery having been conducted regarding the defense places Plaintiff at an unfair disadvantage. As Plaintiff pointed out at the hearing on this matter, there are elements of the after-acquired evidence defense on which Charter One will bear the burden, such as proof of the fact that Charter One assuredly would have terminated Plaintiff for the misconduct on which it intends to rely in asserting the after-acquired evidence defense. As Plaintiff points out, reliance on the Charter One Code of Ethics standing alone likely will not suffice to meet Charter One's burden on this issue. To establish the defense, Charter One is required to establish that "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995). "When an employer seeks to rely on after-acquired evidence of wrongdoing, it must establish first that the wrongdoing in fact occurred, and second, that the wrongdoing was of such severity that the employee in fact would have been terminated." *Wyrick v. Octapharma Plasma, Inc.*, No. 11-cv-652, 2011 WL 6888549, at *2 (W.D. Mich. Dec. 29, 2011) (citing *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1154 n. 5 (6th Cir. 1995)). In certain cases, "[t]he court must look to the employer's actual employment practices and not merely the standards articulated in its employment manuals, for things are often observed in the breach but not in the keeping." *Sellers v. Mineta*, 358 F.3d 1058, 1064 (8th Cir. 2004) (remanding to the district court for further findings that "the FAA regularly adheres to this alleged policy or that the FAA has made an official determination that Sellers is, in fact, unsuitable for reinstatement solely because of her

post-termination conduct").

The Court is mindful of the fact that Plaintiff is due her day in Court and has waited many years to be here. At the same time, the Court observes that the issue of the after-acquired evidence defense, raised by the 2011 Letters in April, 2011, has been on the Court's and the parties' radar since that time, and already has been quite thoroughly briefed. Therefore, the Court concludes that the prejudice to Plaintiff is not great enough to deprive Charter One of the opportunity to explore and seek to present the defense.

Charter One will be granted leave to formally amend its Answer to assert the affirmative defenses of failure to mitigate and after-acquired evidence. Fed. R. Civ. P. 15. Charter One shall file an Amended Answer within five (5) days of this Order. Thereafter, the Court will delay the start of the trial from September 5, 2012 by thirty (30) days to permit the parties to engage in limited discovery on the issue of the after-acquired evidence defense. *See Red Deer v. Cherokee County, Iowa*, 183 F.R.D. 642, 655-56 (D. Iowa 1999) (allowing defendant to assert the defense of after-acquired evidence on the eve of trial where insertion of the defense was not a complete surprise to plaintiff, but continuing the trial and permitting the opportunity for limited discovery pertinent to the defense.) The Court will be available to address expeditiously any issues that arise as the parties seek to ferret out the facts relating to the defense and will address any dispositive motions relating to the defense on an expedited basis.

The availability of the after-acquired evidence defense is a question of law for the Court. *Horn v. Dep't of Corrections*, 216 Mich. App. 58, 66 (1996). However, because this defense was never explored in discovery, or tested by motion, it is unclear what evidence Charter One intends to offer on this point, either as to the alleged pre- or post-termination conduct. Although the Court is

9

inclined to conclude that a fair reading of *Jones v. Nissan North America, Inc.*, 438 F. App'x 388 (6th Cir. 2011), would permit the after-acquired evidence defense to be asserted based on post-termination conduct under appropriate circumstances, *see, e.g. Sellers v. Mineta*, 358 F.3d 1058 (8th Cir. 2004), the Court will defer ruling on this issue pending further discovery related to the defense.

The Court therefore will GRANT Charter One's request to Amend its Answer to assert the affirmative defenses of failure to mitigate and after-acquired evidence and will DENY, WITHOUT PREJUDICE, Charter One's motion seeking to preclude Plaintiff from introducing evidence or attorney statements relative to her damages beyond April 26, 2011.

> 2. **The Court denies Charter One's motion *in limine* to dismiss Plaintiff's claims for damages based on her alleged failure to mitigate.**

"A plaintiff in an action under Title VII has a duty to mitigate damages; she may not remain unemployed and collect a windfall. This mitigation requirement contains the general element of reasonableness. An employee is not required to go to heroic lengths in attempting to mitigate his damages, but only to take reasonable steps to do so. The finding that a Title VII claimant has exercised reasonable diligence in seeking other suitable employment following discriminatory discharge is an issue of fact which will not be reversed on appeal absent clear error." *Suggs v. ServiceMaster Educ. Food Mgt.*, 72 F.3d 1228, 1233 (6th Cir. 1996) (internal citations and quotation marks omitted). "Once a claimant establishes a prima facie case and presents evidence on the issue of damages, the burden of producing sufficient evidence to establish the amount of interim earnings or lack of diligence shifts to the defendant." *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 623 (6th Cir. 1983). "The Defendant may satisfy his burden only if he establishes that: 1) there were substantially equivalent positions which were available; and 2) the claimant failed to use

reasonable care and diligence in seeking such positions." *Id.* at 624. "[T]he substantial equivalent of the position from which the claimant was discriminatorily terminated must afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Id. See also Taylor v. Invacare Corp.*, 64 F. App'x 516, 523 (6th Cir. 2003) (finding that district court did not abuse its discretion in permitting issue of mitigation to go to the jury and denying defendant's motion for remittitur where defendant presented no evidence of the availability of substantially similar employment).

Although the Court will permit Charter One leave to amend its Answer to assert the affirmative defense of failure to mitigate, the Court denies Charter One's motion *in limine* seeking to dismiss Plaintiff's claim for damages based upon her failure to mitigate. Because reasonable jurors could disagree on the issue of whether Plaintiff failed to mitigate damages, the Court concludes that the reasonableness of Plaintiff's efforts to mitigate is a question of fact for the jury to decide in the first instance.

### B. Plaintiff's Motion *in Limine* Regarding the 2011 Letters

Plaintiff argues that the proposed evidence regarding the 2011 Letters (the evidence on which Charter One intends to rely in support of its after-acquired evidence defense) is irrelevant under Rule 402, inadmissible hearsay under Rule 802 and unfairly prejudicial under Rule 403. Charter One responds that the 2011 Letters are relevant to Charter One's after-acquired evidence defense and hence to Plaintiff's damages and that the 2011 Letters are also relevant for impeachment purposes and admissible under various rules of evidence.

The 2011 Letters clearly would be relevant to Charter One's proposed after-acquired evidence defense. The 2011 Letters *are* the after-acquired evidence. Even assuming relevance,

11

Plaintiff also asserts that the 2011 Letters are inadmissible hearsay and more prejudicial than probative.

First, Plaintiff argues that because the 2011 Letters are not relevant, the Letters would necessarily involve a collateral matter and therefore would not admissible for impeachment purposes under Fed. R. Evid. 608(b). The Court is not prepared to conclude that impeachment on the subject of the 2011 Letters would be a collateral matter, particularly in the damages phase of the trial, depending upon the ultimate contours of Charter One's after-acquired evidence defense. Depending upon the evidence and testimony at trial, there may be other avenues of impeachment, potentially in the liability phase, that may be available to Charter One.

Moreover, if relevant, the Letters written by Plaintiff arguably may be admissible under Fed. R. Evid. 801(d)(2)(A) as the nonhearsay admissions of a party opponent, assuming proper authentication. If, as Plaintiff has inferred, she intends to assert her Fifth Amendment privilege against self-incrimination if confronted with the 2011 Letters, her silence in the face of such an accusation may, along with other indicia of her authorship, serve to authenticate one or more of the 2011 Letters.[1] *See Boim v. Quranic Literacy Institute*, 340 F. Supp. 2d 885, 917 (N.D. Ill. 2004) ("The Court is free to draw from Mr. Salah's silence inferences adverse to Mr. Salah's interests, especially in light of the other evidence authenticating the records."). Alternatively, the Court may be able to rule on the authenticity of one or more of the Letters based on "circumstantial evidence of authorship." *See United States v. Newton*, 891 F.2d 944, 946-47 (1st Cir. 1989) (finding that a three-page unsigned and undated, typed document that was alleged to have been written by

---

[1] Charter One at the very least would be entitled to an adverse inference instruction. *Nat'l Acceptance Co. of America v. Bathalter*, 951 F.2d 349 (6th Cir. 1991).

defendant, that contained statements inferring defendant had authored it, had sufficient indicia of trustworthiness to be authentic under Fed. R. Evid. 901(b)(2)(A)). Although the Court is not indicating how it would rule on the issue of authentication or admissibility of the 2011 Letters, it is also not prepared to conclude at this point that the 2011 Letters have no potential for admissibility.

Likewise, if attorney Madison testifies at trial, his Letters, assuming they are properly authenticated, could be admissible in the damages phase of the trial to show, for example, the effect that the 2011 Letters had on Charter One, i.e. that the information contained in those Letters would have been severe enough to have caused Charter One to terminate Plaintiff's employment. Again, the Court is not prepared to rule on the admissibility of attorney Madison's Letters but is likewise not prepared to rule that they have no potential to be admitted with the appropriate evidentiary guarantees.

Plaintiff also argues that, even if admissible, the 2011 Letters and testimony regarding the Letters would be more prejudicial than probative under Fed. R. Evid. 403. As these Letters may potentially pertain to the damages phase of the trial, the 2011 Letters would be essential to Charter One's ability to establish that Plaintiff's damages should be cut off as of April 26, 2011, the date on which Charter One claims it would have terminated Plaintiff based on the content of the 2011 Letters. Thus, assuming relevance and admissibility could be adequately established, any prejudicial effect would be outweighed by the probative value of the Letters. As the Letters may pertain to the liability phase of this bifurcated trial, Charter One has not clearly articulated a basis for admission of the 2011 Letters on the merits of Plaintiff's claims, although it has been suggested that the Letters may serve as impeachment evidence regarding Plaintiff's claims to have been an exemplary Charter One employee. Again, although the Court is not prepared to rule on the potential relevance and or

13

admissibility of the 2011 Letters in the liability phase of the trial, nor is it prepared to hold that no circumstance can exist under which such relevance and admissibility can be shown.

The Court refuses to predict at this stage how these various issues will unfold, or to what extent Plaintiff may be prejudiced by their admission. Therefore, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to exclude evidence regarding the 2011 Letters. The Court will, however, preclude reference to the 2011 Letters in counsel's opening remarks to the jury.

## IV.   CONCLUSION

For the foregoing reasons, the Court (1) DENIES Charter One's Motion *in Limine* to Dismiss Plaintiff's Damage Claim for Failure to Mitigate and DENIES WITHOUT PREJUDICE Charter One's Motion *in Limine* to Exclude Evidence of Plaintiff's Damages Beyond April 26, 2011 (ECF No. 65) and (2) DENIES WITHOUT PREJUDICE Plaintiff's Motion *in Limine* Regarding the 2011 Letters (ECF No. 73).

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 8-9-12